Opinion of
the Court.
Allison exhibited his bill, stating that he had made a deed to Congleton for seventy-five acres of land, in consideration of a bond for £75, to be paid to him by Congleton for the use of the heirs of Martha Congleton, deceased, late the wife of the defendant, and the daughter of the complainant; which bond was recorded in the clerk’s office of Shelby county, and bears date the 21st of August 1798; that afterwards, the defendant, by promises and assurances of indemnity, and allegations that he, as the natural guardian of the children, was the proper person to have the said bond, induced the complainant to deliver it to the defendant, who now refuses to indemnify the complainant, of secure him against the said bond, &c.; and prays for a delivery of the bond, security against it, or some other indemnity, &c.
The answer admits the deed for the land; but states the consideration as to 50 acres thereof, to have been an inducement held out by the complainant, to the defendant, to move from Bourbon to Shelby, on account of his marriage with the daughter of the said Allison, &c. and as to the balance of land, that the defendant gave the complainant a mare and colt therefor; that the defendant did actually remove and settle within half a mile of the complainant, and lived there about six years thereafter or upwards, by which removal he became fairly entitled to the fifty acres promised therefor; that after the death of the daughter, and after the defendant had improved and settled upon the seventy-five acres, the complainant, in violation of good faith, refused to execute a deed for the land until the defendant had executed the bond in the bill mentioned; that some time thereafter, in consideration of 6s 8d, the costs of recording the bond, and a bed-quilt, (formerly the property of the daughter,) the complainant gave up the bond to be cancelled, without any such promises or assurances as stated in the bill. The defendant farther saith, that after the surrender of the bond, upon the consideration aforesaid, then executed, and without any other promise or consideration to induce the surrender, the complainant observed, that the defendant ought to give the girls (his daughters, then only two) a horse and saddle each; to *31 which the defendant replied, he hoped to be able to give them more. The answer denies expressly, any promise of indemnity, and insists that he is not bound in conscience to give any, &c.
Upon the depositions and exhibits, the circuit court dismissed the bill; from which decree Allison appealed. The gift of the fifty acres and the purchase of the twenty-five acres, and every material allegation in the defendant’s answer, are fully established by the depositions.
Upon the whole, it is evident, that Allison, by withholding from Congleton a compliance with an equitable demand for the conveyance of the seventy-five acres, became a mere voluntary trustee for his grand-daughters, at the expence of the father, who had paid a good and a valuable consideration for the aforesaid respective proportions of the land; and having so procured a bond payable to himself, he did afterwards surrender it upon the terms stated in the answer, as well he might, without hurt to his own conscience, or fraud upon his grand-daughters.
Decree affirmed.